**PRIORITY SEND**
**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   EDCV 13-00661-VAP (OPx)                     Date:  April 17, 2013

Title:   U.S BANK NATIONAL ASSOCIATION AS TRUSTEE FOR RFMSI 2005SA4 -v- ROBERT ALVAREZ, ALEXANDRIA DOUSDEBES, NORMA MARROQUIN, AND DOES 1 THROUGH 10, INCLUSIVE
================================================================
PRESENT:      HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

    Marva Dillard                                   None Present
    Courtroom Deputy                           Court Reporter

ATTORNEYS PRESENT FOR                         ATTORNEYS PRESENT FOR
PLAINTIFFS:                                   DEFENDANTS:

    None                                          None

PROCEEDINGS:       MINUTE ORDER REMANDING ACTION TO THE CALIFORNIA SUPERIOR COURT FOR THE COUNTY OF SAN BERNARDINO (IN CHAMBERS)

    On April 11, 2013, Defendants Robert Alvarez, Alexandria Dousdebes, and Nrma Marroquin (collectively, the "Defendants") removed this action from the California Superior Court for the County of San Bernardino.  Defendants allege the Court has subject-matter jurisdiction to hear this matter pursuant to both federal question jurisdiction and diversity jurisdiction.  (See Not. of Removal (Doc. No. 1) at ¶¶ 3-14.)  For the following reasons, the Court REMANDS the action to the California Superior Court for the County of San Bernardino.

MINUTES FORM 11                               Initials of Deputy Clerk ___md___
CIVIL -- GEN                  Page 1

EDCV 13-00661-VAP (OPx)
U.S BANK NATIONAL ASSOCIATION AS TRUSTEE FOR RFMSI 2005SA4 v. ROBERT ALVAREZ, ALEXANDRIA DOUSDEBES, NRMA MARROQUIN, AND DOES 1 THROUGH 10, INCLUSIVE
MINUTE ORDER of April 17, 2013

Removal jurisdiction is governed by statute.  See 28 U.S.C. §1441.  The Ninth Circuit applies a strong presumption against removal jurisdiction, ensuring "the defendant always has the burden of establishing that removal is proper."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)); see also In re Ford Motor Co./Citibank, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c); FW/PBS, Inc. v. Dallas, 493 U.S. 215, 231 (1990) ("federal courts are under an independent obligation to examine their own jurisdiction"); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.")

Defendants allege one basis for removal is federal question jurisdiction.  From the face of the Complaint, however, Plaintiff's only claim is for unlawful detainer, a California state law action.  See Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 10 (1983) (holding that a defendant may not remove a case to federal court unless the basis for federal jurisdiction is apparent on the face of the complaint).  Without a federal question, there is no federal question jurisdiction.

Defendants also allege jurisdiction based on diversity.  The face of the Complaint, however, indicates that the amount in controversy is under $10,000, well below the $75,000 required by 28 U.S.C. § 1332 to establish the Court's diversity jurisdiction.

Accordingly, the Court REMANDS this matter to the California Superior Court for the County of San Bernardino.

**IT IS SO ORDERED.**